v.

James Garland MARSHALL, Defendant-Appellant.

No. 31025
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 14, 1971.

Claudine G. BIGER, Administratrix Ad Prosequendum of the Estate of Pierre J. Biger, and Claudine G. Biger, General Administratrix of the Goods, Chattels, Rights and Credits of the Estate of Pierre J. Biger, Appellant,

v.

MONMOUTH PARK JOCKEY CLUB, a Corporation of New Jersey, et al.

No. 19237.

United States Court of Appeals,
Third Circuit.

Argued April 23, 1971.

Decided April 30, 1971.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

Allan J. Naishuler, Greenstone & Greenstone, Newark, N. J. (Herbert E. Greenstone, Newark, on the brief), for appellant.

William J. Cleary, Jr., Lamb, Blake, Hutchinson & Dunne, Jersey City, N. J., for Sidney Schultz.

Raymond M. Tierney, Jr., Shanley & Fisher, Newark, N. J. (Gerald W. Hull, Jr., Newark, N. J., on the brief), for Cyril S. Arvanitis.

Before SEITZ, ALDISERT and RO-SENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Following a month-long medical malpractice trial involving the question whether the two defendant physicians deviated from standard practices in their respective specialties, the jury returned verdicts in favor of the defendants.

Plaintiff is the administratrix of the estate of her late husband, a jockey who, after being injured in a race, was taken to a hospital and there examined by the defendant physicians—a general surgeon and a radiologist. After a diagnosis of superficial injuries was made and some medication prescribed, plaintiff's decedent was permitted to return to his home. He died in an automobile on his way there.

Plaintiff produced evidence that the cause of death was congestive heart failure due to hemorrhages of both lungs secondary to trauma. In support of her malpractice liability theory, plaintiff produced, and the jury received, *inter alia,* testimony of an orthopedic surgeon, a forensic pathologist, and a radiologist. The appellees testified in their own defense and also introduced the testimony of a general surgeon.

As is our tradition in diversity cases predicated on common law negligence, the responsibility for resolving the resulting conflict of highly technical and scientific professional opinions devolved upon a jury composed of laymen. They resolved the conflicting evidence and theories in favor of the defendants.

Appellant's numerous allegations of trial error cluster around three major contentions: prejudicial error in nine rulings on evidence, two instances of improper summation by defense counsel, and five errors in the jury instructions. In addition, she argues that the court erred in denying her motion for judgment n. o. v., or in failing to grant a new trial.

We have carefully considered all eighteen contentions raised by appellant and find them to be without merit. We conclude that the question of the physicians' liability was thoroughly and fairly presented to the jury. The plaintiff was entitled to this, and no more.

The judgment of the district court will be affirmed.